# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| SHEILA HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-291 |
| ) | |
| VESCOM CORPORATION, ) | |
| and FALICIA SMULLEN, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Pursuant to an order of this court, plaintiff timely filed her complaint on January 29, 2007. Doc. 3. Because plaintiff is authorized to proceed *in forma pauperis*, this Court has performed an initial review of plaintiff's complaint and has determined that it should be DISMISSED for failure to state a claim under 28 U.S.C. § 1915(e)(2).

Plaintiff has filed a complaint pursuant to the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12112, for employment discrimination on the basis of disability. Doc. 3. Plaintiff, an employee of Vescom Corporation, alleges that her job supervisor, Falicia Smullen,

released her private medical information to a new employee. Doc. 1. Plaintiff did not divulge her disability to defendants, nor did she authorize them to publicly disseminate her medical information. Doc. 3. Plaintiff alleges that as a result of defendants' actions, plaintiff's privacy was invaded and she "suffered humiliation, shame, wounded feelings, and emotional distress." Id.

The ADA enumerates situations in which an employer may require an employee to submit to a medical examination. 42 U.S.C. § 12112(d). The results of such examinations are to be confidential, 29 C.F.R. § 1630.14(c)(1), but if the disclosure that plaintiff complains of was not the result of an examination ordered by defendant, the ADA does not require that it be kept confidential. Cash v. Smith, 231 F.3d 1301, 1307 (11th Cir. 2000) (employee failed to establish any unlawful disclosure under the ADA based on supervisor allegedly telling coworkers that employee had diabetes). In response to this Court's question as to how defendant acquired the medical information, plaintiff answered that the information was obtained from her personnel file. Doc. 6. The Court infers from this statement that plaintiff volunteered the information to

her employer. As plaintiff does not allege that the information was obtained pursuant to a medical examination ordered by her employer, she has not stated a cause of action under the ADA. 42 U.S.C. § 12112(d)(3)(B).

Furthermore, when asked by the Court what medical information defendant divulged, plaintiff responded that defendant revealed that she had had a hysterectomy. Doc. 6. The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A). Surgery, however, is an effort to cure such an impairment, and is not in itself a disability pursuant to the ADA. See Yindee v. Commerce Clearing House, Inc., 2005 WL 1458210, at *3 (N.D. Ill. 2005) (holding that while cancer could be a disability for ADA purposes, a hysterectomy presumably removed the cancerous tissue, and plaintiff "could not be disabled by an impairment she did not have").

There are no federal statutes generally prohibiting the release of medical records by an employer, and there is no general constitutional right to nondisclosure of private information. J.P. v. Desanti, 653 F.2d

1080, 1090 (6th Cir. 1981). The privacy rule of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. § 164 (2007), does not directly regulate employers or other plan sponsors that are not HIPAA covered entities.[1] Additionally, federal courts have found that HIPAA does not create a private right of action. University of Colorado Hosp. v. Denver Publ'g Co., 340 F.Supp.2d 1142, 1145 (D. Colo. 2004). The Rehabilitation Act of 1973, 29 U.S.C. § 701, forbids federal employers from disclosing employees' private medical records, incorporating by reference the medical examination confidentiality provision of the ADA, 42 U.S.C. § 12112(d), but plaintiff has not alleged that defendants are federal employers or receive federal funding. See Doe v. United States Postal Serv., 317 F.3d 339, 340 (D.C. Cir. 2003). Similarly, a Fourteenth Amendment right to privacy claim would only apply if the employer were a government employer. Even under a liberal interpretation of the plaintiff's complaint, no cause of action has been

---

[1] The privacy rule applies to health plans, health care clearinghouses, and health care providers. 45 C.F.R. § 164.104 (2007). The rule applies to employers only to the extent that they somehow operate in one or more of those capacities. 45 C.F.R. § 164.512(b)(1)(v).

stated. As plaintiff fails to state a claim upon which relief may be granted, this action should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 19Th day of June, 2007.

/s/ Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA